**Efren FULGENCIO, Plaintiff—Appellant,**

v.

**CITY OF LOS ANGELES; et al., Defendants—Appellees.**

No. 03–56501.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 10, 2005.

Decided April 26, 2005.

Bonita P. Martinez, Esq., San Diego, CA, for Plaintiff-Appellant.

Janet G. Bogigian, Blithe S. Bock, Esq., Los Angeles City Attorney's Office, Los Angeles, CA, Michael J. Logan, Esq., Koeller, Nebeker, Carlson & Haluck, Irvine, CA, for Defendant-Appellees.

Before: WARDLAW, PAEZ, Circuit Judges, and BEISTLINE, District Judge.*

## MEMORANDUM **

Efran Carangalan Fulgencio sued the City of Los Angeles, the County of Orange, and Los Angeles Police Officers Alonzo Williams and Sophia Castenada pursuant to 42 U.S.C. § 1983, claiming that his constitutional rights were violated when he was arrested pursuant to a warrant that mistakenly identified him as the suspect, and when he was imprisoned for five days without investigation of his claims of innocence. Fulgencio appeals from the district court's order granting summary judgment to all defendants. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

## I. Validity of the Warrant

 The bench warrant issued by the Orange County Superior Court "specifically name[d] or describe[d] the person to be arrested," *West v. Cabell,* 153 U.S. 78, 86,

---

* The Honorable Ralph R. Beistline, United States District Judge for the District of Alaska, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

14 S.Ct. 752, 38 L.Ed. 643 (1984), giving the suspect's name, date of birth, place of birth, race, sex, height, weight, hair color, eye color, driver's license number, and last known address. Because this description was sufficiently particular that "the defendant [could] be identified with reasonable certainty," Fed. R.Crim. Pro. 4(b)(1)(A), Fulgencio was arrested pursuant to a valid warrant. That Fulgencio's identifying information was listed on the warrant only because the true suspect made use of Fulgencio's stolen identity is irrelevant in determining whether the warrant was sufficiently specific, and thus facially valid.

## II. Probable Cause to Arrest

■ An arrest is without probable cause, and thus in violation of the Fourth Amendment, when "no reasonable police officer could have believed that" the person arrested "was the same person as" the suspect named on the warrant. *Lee v. City of Los Angeles*, 250 F.3d 668, 685 (9th Cir.2001). Because the warrant identified a suspect with Fulgencio's exact name, date of birth, driver's license number, height, hair color, eye color, and with a weight only five pounds different than Fulgencio's, a reasonable police officer could easily have believed that Fulgencio was the suspect.

In light of the discrepant race and birthplace, and because Fulgencio was already detained by the Immigration and Naturalization Service when the Los Angeles City police officers arrived to arrest him, the two officers should have taken more care to ascertain whether Fulgencio was in fact the named suspect; however, the arrest was not so unreasonable that it rose to the level of a constitutional violation.

■ Moreover, "[l]ocal governing bodies can be sued directly under § 1983" only where the unconstitutional action "implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by the body's officers." *Monnell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 690, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Fulgencio has not identified any policy or practice by the City of Los Angeles that would have caused the officers' failure to investigate, and thus has failed to make out a claim against the City under § 1983. As to the § 1983 claims against the officers, qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341, 106 S.Ct. 1092, 89 L.Ed.2d 271 (1986). Because Fulgencio met the description in the warrant closely enough that a reasonable police officer could have arrested him, he has not demonstrated that the arrest by the two Los Angeles Police officers was "plainly incompetent," or that the officers "knowingly violate[d] the law." *Id.*

## III. Five–Day Detention and Due Process

■ Whether a person is deprived of due process rights when he is detained "pursuant to a valid warrant but in the face of repeated protests of innocence" depends on "what procedures the State affords [the] defendant[ ] following arrest and prior to trial." *Baker v. McCollan*, 443 U.S. 137, 145–46, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979). In *Erdman v. Cochise County, Arizona*, 926 F.2d 877, 882 (9th Cir.1991), we held that *Baker* foreclosed Erdman's claim that a 12–day mistaken detention violated his due process rights because Cochise County had procedures in place to verify the identity of detained suspects. Fulgencio was detained by the City of Los Angeles for two days, and by the County of Orange for three. Because the record shows that both the City of Los Angeles and the County of Orange have

procedures in place to identify arrested persons upon booking, *Erdman* controls, and Fulgencio's constitutional rights were not violated by the five-day detention.

█ Moreover, Fulgencio has failed to make out a § 1983 claim sufficient to survive summary judgment. Fulgencio "has not claimed that any particular official acted with deliberate indifference or callous disregard of his rights," *Erdman*, 926 F.2d at 882 (quotations and citations omitted); he has not claimed that either municipality failed to train its officers; nor has he "demonstrated a direct causal link to any municipal policy or custom as required." *Id.* (quotations and citations omitted). While we affirm the district court's grant of summary judgment on these grounds, we also note that, in light of the growing problem of identity theft, law enforcement officers must take seriously claims of stolen identity.

## IV. Conclusion

For the forgoing reasons, the district court's Order Granting the Defendants' Motion for Summary Judgment is AFFIRMED.